IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KRISTINE EMANUELSON, <br><br> Plaintiff, <br><br> v. <br><br> CHRIS SAINSBURY and REGAN CLARK, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S EMERGENCY MOTION TO CHANGE VENUE (DOC. NO. 68)** <br><br> Case No. 2:18-cv-00971-CW-DAO <br><br> Judge Clark Waddoups <br><br> Magistrate Judge Daphne A. Oberg |

Before the court[1] is *pro se* Plaintiff Kristine Emanuelson's Emergency Motion to Change Venue to Large Metropolitan City Outside of Utah, Idaho, Nevada, Iowa, or Wyoming (Doc. No. 68). For the reasons set forth below, the court DENIES this motion.

## BACKGROUND

Ms. Emanuelson filed this action in December 2018, asserting claims under 42 U.S.C. § 1983 against several defendants arising from her arrest, prosecution, and incarceration on Utah state criminal charges. (Compl., Doc. No. 3 at 1–6.) Ms. Emanuelson's claims against all defendants except Chris Sainsbury and Regan Clark have been dismissed with prejudice. (Order Adopting and Approving, in Part, Reports & Recommendations 4–11, Doc. No. 56.) In April 2020, Ms. Emanuelson filed an Amended Complaint against Mr. Sainsbury and Mr. Clark, who worked at the Utah jail where she was incarcerated, alleging she was denied adequate food, clean water, and medical care during her incarceration. (Am. Compl., Doc. 58 at 5, 7, 9–12, 17–20.) Mr. Sainsbury and Mr. Clark filed an answer to the amended complaint (Doc. No. 66). Ms.

---

[1] On January 11, 2019, District Judge Clark Waddoups referred this case to Magistrate Judge Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 6.) This case was reassigned to the undersigned magistrate judge on May 15, 2020. (Doc. No. 62.)

Emanuelson then filed the instant motion to change venue (Doc. No. 68), which Mr. Sainsbury and Mr. Clark oppose, (Doc. No. 73). Ms. Emanuelson did not file a reply.

## DISCUSSION

Ms. Emanuelson moves for a change of venue pursuant to 28 U.S.C. § 1404(a) and requests that the case be transferred "to a large metropolitan area such as Los Angeles or Seattle." (Emergency Mot. to Change Venue 1, Doc. No. 68.) She argues a change of venue is warranted (1) because "this case is part of a larger picture that [] included members of the Utah Co[unty] Police Dep[artment] and the Public Defender's Office"; (2) due to "[t]he high profile nature of the celebrity involved"; (3) because "[t]he regulatory agency for oversight is located in Davis Co[unty] and it is the Davis County Co-op that has been suggested is connected to this case"; and (4) because "members of the Davis Co[unty] Co-op might also have Federal ties that add concern regarding a fair and impartial jury selection and proceeding." (*Id.*)

In opposition, Mr. Sainsbury and Mr. Clark argue the District of Utah is the only proper venue for this matter because the only remaining defendants are residents of Utah, they have not consented to another venue, and the events or omissions giving rise to the claim occurred in Utah. (Defs.' Opp'n to Pl.'s Emergency Mot. for Change of Venue ("Opp'n") 1–2, Doc. No. 73.)

Section 1404 of Title 28 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1391 governs venue of civil cases and provides, as relevant here:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

      occurred, or a substantial part of property that is the subject of the action is situated[.]

28 U.S.C. § 1391(b).

Ms. Emanuelson has failed to demonstrate venue would be proper in any district outside of Utah. Mr. Sainsbury and Mr. Clark—the only remaining defendants—assert they are residents of Utah (Opp'n 2, Doc. No. 73), and Ms. Emanuelson has not shown otherwise. Further, Ms. Emanuelson's claims relate to alleged events and omissions that occurred during her incarceration in a Utah jail. (Am. Compl., Doc. No. 58 at 5, 7, 9–12, 17–20.) None of Ms. Emanuelson's allegations relate to events or omissions occurring outside of Utah. Thus, Ms. Emanuelson has failed to demonstrate the requirements for venue under 28 U.S.C. § 1391(b) are met in any other district. Moreover, Ms. Emanuelson has not established that all parties have consented to have the case heard in another district. As set forth in the opposition, Mr. Sainsbury and Mr. Clark explicitly do not consent to a change of venue. (Opp'n 1–2, Doc. No. 73.)

Accordingly, Ms. Emanuelson has failed to propose any district outside of Utah "where [the case] might have been brought or . . . to which all parties have consented" as required for a transfer of venue under 28 U.S.C. § 1404(a).

## **CONCLUSION**

For these reasons, Ms. Emanuelson's Emergency Motion to Change Venue (Doc. No. 68) is DENIED.

DATED this 7th day of August, 2020.

                                                      BY THE COURT:

                                                     _____
                                                     Daphne A. Oberg
                                                     United States Magistrate Judge