IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KRISTINE EMANUELSON,<br><br>Plaintiff,<br><br>v.<br><br>VINSE GROVER, et. al,<br><br>Defendants. | ORDER DENYING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE<br><br>Case No. 2:18-cv-971<br><br>Judge Clark Waddoups |

    Before the court is Plaintiff Kristine Emanuelson's motion to dismiss her action without prejudice. (ECF No. 84). While Ms. Emanuelson maintains that her case has merit and "stand[s] by the illegal offenses committed by [Defendants]," she represents that it is in her "best interests . . . to continue the case at this time . . . until access to physical evidence or testimony can be obtained." (ECF No. 84 at 2). Defendants object to Ms. Emanuelson's request, arguing that any dismissal should be *with* prejudice as they have conducted discovery in the action and "have a right, at this stage in the litigation, to either obtain a dismissal with prejudice or be allowed to proceed to summary judgment . . . ." (ECF No. 85 at 2).

    Because an answer has been filed in this action, under Rule 41(a)(2) of the Federal Rules of Civil Procedure, the action may only be dismissed "by court order, on terms that the court considers proper." The Tenth Circuit has recognized that this rule was "designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (internal quotations and citations omitted). In determining whether a defendant would be unfairly affected by a plaintiff's voluntary dismissal without prejudice, a court should consider "practical factors" which may include, among other things, "the present stage of litigation," the defendant's "effort

and expense in preparing for trial," and "insufficient explanation of the need for a dismissal." *Id*. (internal quotations and citations omitted).

These factors support denying Ms. Emanuelson's request to dismiss her case without prejudice so that she may refile it in the future. This action has been pending, and actively litigated, for over two years, and Defendants have recently expended significant effort, and incurred expense, by conducting depositions. (*See* ECF No. 85). Allowing Ms. Emanuelson to withdraw her action at this point but refile it in the future would result in all of this work being for naught. This would unfairly affect Defendants.

Moreover, while Ms. Emanuelson's request is premised on her assertion that her desired evidence is not currently available, she is silent as to how a delay will help her obtain any potential evidence. Ms. Emanuelson is in the discovery phase of her action; this is her opportunity to obtain evidence that supports her claim. And although she appears to be unable to currently do that, she gives no indication that the passing of time will aide her in her quest. Ms. Emanuelson has therefore failed to show that allowing her to refile this action in the future would lead to a place that is any different from where the parties currently are.

For the reasons stated herein, and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, Ms. Emanuelson's request to dismiss her action without prejudice is **DENIED**. This action shall proceed pursuant to the timeline set forth in the Scheduling Order. (ECF No. 80).

DATED this 5th day of March, 2021.

                                                 BY THE COURT:

                                                 _____
                                                 Clark Waddoups
                                                 United States District Judge