UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KRISTINE EMANUELSON,<br><br>    Plaintiff,<br><br>v.<br><br>CHRIS SAINSBURY and REGAN CLARK,<br><br>    Defendants. | **REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. NO. 88)**<br><br>Case No. 2:18-cv-00971-CW-DAO<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Kristine Emanuelson, proceeding pro se, filed this action in December 2018, asserting claims under 42 U.S.C. § 1983 against several defendants arising from her arrest, prosecution, and incarceration on Utah state criminal charges. (Compl., Doc. No. 3 at 1–6.) Ms. Emanuelson's claims against all defendants except Chris Sainsbury and Regan Clark have been dismissed with prejudice. (Order Adopting and Approving, in Part, R. & R. 4–11, Doc. No. 56.) In April 2020, Ms. Emanuelson filed an Amended Complaint against Mr. Sainsbury and Mr. Clark, who worked at the Utah jail where she was incarcerated, alleging she was denied adequate food, medical care, and a mattress during her incarceration. (Am. Compl., Doc. 58 at 4, 7, 9–12, 17–20.) Ms. Emanuelson asserts section 1983 claims for violations of her Eighth Amendment rights, and she seeks $42.7 million in damages. (*See* Am. Compl., Doc. No. 58 at 2, 4, 7.)

After conducting discovery, Mr. Sainsbury and Mr. Clark filed the motion for summary judgment now before the court. (Def.'s Mot. for Summ. J. ("Mot."), Doc. No. 88.) Mr. Sainsbury and Mr. Clark argue they are entitled to summary judgment because (1) Ms. Emanuelson cannot show they acted with deliberate indifference; (2) Ms. Emanuelson never exhausted her administrative remedies as required by 42 U.S.C. § 1997e; and (3) Mr. Sainsbury and Mr. Clark

1

are entitled to qualified immunity. (Mot. 2, Doc. No. 88.) Ms. Emanuelson did not respond to the motion.[1]

Because Ms. Emanuelson has not met her burden of designating facts and presenting evidence to establish the existence of elements essential to her claims, the undersigned[2] RECOMMENDS the district judge GRANT Defendants' Motion for Summary Judgment (Doc. No. 88).

## LEGAL STANDARDS

Because Ms. Emanuelson proceeds pro se, the court construes her filings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted). Nonetheless, she must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

Courts only grant summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating motions for summary judgment, the court views "the evidence and make[s] all reasonable inferences in the light most favorable to the nonmoving party." *N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008). But, "where the non

---

[1] After the motion for summary judgment was filed, Ms. Emanuelson filed a document entitled "Temporarily Close Case without Prejudice." (Doc. No. 93.) The court entered an order explaining the case cannot be closed or dismissed without the court's leave, noting Ms. Emanuelson's prior motion to dismiss the case without prejudice was denied, and reminding her of the deadline to respond to the motion for summary judgment. (Order Regarding Pl.'s Notice to Temp. Close Case Without Prej., Doc. No. 94.) Ms. Emanuelson did not file a response by that deadline or at any time thereafter.

[2] On January 11, 2019, the district judge referred this case to Magistrate Judge Furse under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 6.) On May 15, 2020, this case was reassigned to the undersigned magistrate judge. (Doc. No. 62.)

moving party will bear the burden of proof at trial on a dispositive issue that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment." *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (internal quotation marks omitted).  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## DISCUSSION

Ms. Emanuelson brings her claims under section 1983, which provides a cause of action for violations of constitutional rights by persons acting under color of state law.  42 U.S.C. § 1983.  Ms. Sainsbury contends her Eighth Amendment rights were violated during her incarceration.  (Am. Compl., Doc. 58 at 4, 7, 9–12, 17–20.)  "The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).  To prevail on an Eighth Amendment conditions-of-confinement claim, the plaintiff must show (1) the alleged injury or deprivation was "sufficiently serious," and (2) the defendant acted with "deliberate indifference."  *Id.*

This case has been pending since 2018.  Although Ms. Emanuelson has had adequate time to conduct discovery, she failed to respond to the summary judgment motion or to designate facts sufficient to establish the existence of elements essential to her claims.  Specifically, Ms. Emanuelson has presented no support for the allegations in her complaint that she was denied

3

adequate food, medical care, and a mattress during her incarceration. Likewise, she has presented no evidence or specific facts sufficient to connect Mr. Sainsbury and Mr. Clark to these alleged deprivations or to show they acted with deliberate indifference. In other words, Ms. Emanuelson has failed to establish the existence of elements essential to her claims, and for which she will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322; *McKnight*, 149 F.3d at 1128. Accordingly, Mr. Sainsbury and Mr. Clark are entitled to summary judgment on Ms. Emanuelson's claims.

Because summary judgment may be granted on this basis, the court need not address Defendants' arguments regarding exhaustion of administrative remedies and qualified immunity.

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS the district judge GRANT Defendants' Motion for Summary Judgment (Doc No. 88).

The court will send copies of this Report and Recommendation to the parties, who are notified of their right to object to the same. The parties must file any objection to this Report and Recommendation with the court clerk, pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, within fourteen (14) days of service. Failure to do so may constitute waiver of objections upon subsequent review.

DATED this 14th day of June, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge